IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent,

vs.                                                           Civ. No. 05-477 MV/ACT
                                                               Cr. No. 04-1319 MV

**LORENZO ROZALEZ-MARTINEZ,**

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Lorenzo Rozalez-Martinez' ("Rozalez-Martinez") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed April 27, 2005. Docket No. 1. The District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary. Docket No. 4. Having reviewed the pleadings and relevant law and being otherwise fully advised, the Court finds that the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Rozalez-Martinez is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. § 2255; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

### PROPOSED FINDINGS

Factual and procedural background.

    1.      On June 22, 2004, a Criminal Complaint was filed against Rozalez-Martinez. A

Border Patrol Agent "encountered" Rozalez-Martinez on Interstate 40, West of Albuquerque. Rozalez-Martinez stated in the interview that he was a native and citizen of Mexico and illegally present in the United States. His record showed that he had been previously been deported on August 20, 2002 after an aggravated felony conviction on March 5, 2002 for transporting illegal aliens.

2. On June 22, 2004, the Court appointed Susan Dunleavy to represent Rozalez-Martinez.

3. On July 6, 2004, the United States offered a plea to Rozalez-Martinez. The plea offer was an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) that Rozalez-Martinez' final adjusted sentencing guidelines offense level would be nineteen (19).

4. On July 14, 2004, Rozalez-Martinez pled guilty to an Information and the Plea Agreement was filed. Criminal Docket No. 11 and 15.

5. A plea hearing was held before the Honorable W. Daniel Schneider on July 14, 2005. A sentencing hearing was held before the Honorable Martha Vazquez on November 23, 2004.

<u>Assistance of counsel</u>.

Rozalez-Martinez appears to argue that his counsel was ineffective because Rozalez-Martinez was not aware of the consequences of his plea. He asserts that he did not know the length of the sentence when he pled guilty. Motion, Claim 1, p. 6.

To prove ineffective assistance of counsel, Rozalez-Martinez must show that his attorney's performance was constitutionally inadequate and that his attorney's constitutionally ineffective performance prejudiced him, i.e., caused him to plead guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel's performance is deficient if it "falls below an objective

standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Counsel is strongly presumed to have rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment. The ultimate inquiry in a claim for ineffective assistance of counsel focuses on the fundamental fairness of the proceeding. *Id.*

The record did not support Rozalez-Martinez's claim. Rather the record demonstrates that Rozalez-Martinez knew and understood the consequences of his plea when he signed the plea agreement, at the plea hearing and at the sentencing hearing. Rozalez-Martinez acknowledged that he understood the terms of the plea agreement at his plea hearing and that by pleading guilty he was giving up certain rights including the right to a jury trial, to confront and cross-examine witnesses, to remain silent, to not be compelled to testify against himself, to present evidence , to testify and to compel witnesses to testify on is behalf. Transcript of Plea Hearing, July 14, 2004, at 5-6.

The Plea Agreement signed by Rozalez-Martinez was entered into the record on July 14, 2004. Crim. Docket. No. 15. It states that the agreed to offense level was 19. *Id*. at 3. Offense level 19. Because Rozalez-Martinez had a criminal history, he was in Category III. Thus, pursuant to the sentencing guidelines, Rozalez-Martinez/ exposure was 37-46 months. United States Sentencing Commission ("USSC"), *Guidelines Manual*, Ch. 5. Pt. A (Nov. 2004). The Plea Agreement explicitly states that by accepting responsibility and entering a guilty plea, that the "agreed final adjusted offense level" is 19. Crim. Docket No. 15 at 6.

At the plea hearing Judge Schneider discussed the Plea Agreement with Rozalez-Martinez. A transcript of the hearing demonstrates that Plaintiff was aware of the terms and consequences of

his plea of guilty.

>The Court: ...Have you discussed the maximum sentence in this case with your attorney?
>The Defendant: Yes.
>
>...
>
>The Court: Do you understand that the Court will not be able to determine the guideline sentence for your case until after a pre-sentence report has been completed and you and the government will have the opportunity to challenge the reported facts and the application of the guidelines recommended by the Probation Office, and that the sentence imposed may be different from any estimate your attorney may have given you?
>The Defendant: Yes
>The Court: You also understand that after the guidelines range has been determined, the Court has the authority in some circumstances, to depart from the guidelines and impose a sentence that is more or less severe than the sentence called for in the guideline?
>The Defendant: Yes.
>The Court: You also understand that the sentencing judge is not bound by any agreement you may have and he or she may impose a sentence which would exceed what you have agreed to.
>The Defendant: Yes.
>Transcript of Plea Hearing, July 14, 2004 at 6-7.

The transcript of the sentencing hearing also demonstrates that Rozalez-Martinez knew the consequences of his plea of guilty.

>The Court: ...And did you find any errors in the [presentence] report when you reviewed it?
>The Defendant: No.
>...
>Ms. Dunleavy: ...I would simply ask the Court to follow the recommendation of the Government, I anticipate the Government will make, that the Court impose a sentence at the bottom of the guideline range.  And that would be 37 months, your Honor.
>
>...
>Mr. Spear: ...Pursuant to our plea agreement, I would like to file a motion under--under the guidelines, under section 3E1.1C and 5K3.1.  3E1.1B is the third point of acceptance of responsibility, and the 5K3.1 is pursuant to our fast track offer.  The final offense level as reflected in the presentence report is a total offense level of 19.  And as Ms. Dunleavy has indicated to the Court, we are recommending a sentence at the low end of the guidelines.

The Court then accepts the terms of the plea agreement and sentences Rozalez-Martinez to a period of 37 months and states:

> ...the Court does not have the authority to reduce your sentence any more than you are already going to receive. The only thing that I can give you is the sentence of 37 months. Transcript of Sentencing Hearing, July 14, 2004 at 307.

There is simply nothing in the record to support Rozalez-Martinez claim that he did not understand the consequences of his plea. Moreover, Rozalez-Martinez has failed to show that his counsel's performance was deficient or that "but for" counsel's alleged unreasonable conduct, he would have received a lesser sentence. The statutory maximum period of imprisonment for his crime was twenty (20) years. 8 U.S.C. § 1325(a). The offense level was 24 and with his criminal history category of III, he faced 63-78 months in prison. USSG § 2L1.1 and Ch.5 Pt.A. If he pled guilty without the fast track plea agreement, his offense level would have been reduced to 22, lowering his exposure to 51-63 months. USSG § 5K3.1 With the fast track plea agreement, his level was reduced to 19 with an exposure of 37-46 months.

Moreover, Rozalez-Martinez failed to show that the performance of Dunleavy prejudiced his defense. *Strickland*, 255 U.S. at 694. The record does not demonstrate that Rozalez-Martinez would have insisted on going to trial or would have withdrawn his guilty plea "but for" any alleged conduct of Dunleavy. To the contrary, at the plea hearing and after signing the plea agreement, Rozalez-Martinez again pled guilty. Furthermore, at the sentencing hearing, Rozalez-Martinez was permitted to address the Court prior to his sentencing. He did not state or indicate he wanted to go to trial or that he wanted to withdraw his plea.

Validity of guilty plea.

Rozalez-Martinez also asserts that his plea was involuntary. A voluntary and unconditional guilty plea waives all non-jurisdictional defenses. *United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir. 2003). As stated by the Supreme Court:

> [A] guilty plea represents a break in the chain of events which has preceded in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not [competent]. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

As Rozalez-Martinez has failed to demonstrate that his counsel was ineffective, he may not assert that his plea was not voluntary. Furthermore, the court's plea colloquy evidences the voluntariness of his plea.

> The Court:   ...Have you had enough time to discuss these charges with your attorney?
> The Defendant:   Yes.
> The Court:   Are you satisfied with the representation she's given you?
> The Defendant:   Yes.
> ...
> The Court:   And have you been--has anyone coerced you in order to get you to plead guilty?
> The Defendant:   No.
> The Court:   Were any promises made to you other than those contained in the plea agreement?
> The Defendant:   No.
> The Court:   Are you pleading guilty voluntarily because you are, in fact, guilty?
> The Defendant:   Yes.
> ...
> The Court:   Then as to the court of the information, how do you plead?
> The Defendant:   I am guilty.
> The Court:   So you're pleading guilty at this time?
> The Defendant:   Yes.

The Court then finds that Rozalez-Martinez "is aware of the nature of the charges, the consequences

of the plea, that the plea of guilty is a knowing and voluntary plea" and accepts the plea of guilty.

Transcript of Plea Hearing at 3,5, and 9.

Rozalez-Martinez' allegation that his guilty plea was involuntary is self-servicing, conclusory and not supported by the record. This is particularly true in light of his statements made in open court and the fact that he received exactly 37 months pursuant to the plea bargain. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996). ("[R]epresentations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declaration in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal..."); *United Sates v. Alvarez*, 29 Fed. Appx. 497, 2002 U.S. App. LEXIS 99 (10th Cir. 2002) (unpublished) (conclusory allegations...are simply insufficient to overcome his statements in open court during the plea hearing that he knowingly and voluntarily executed the guilty plea and waiver of rights).

Double jeopardy.

Rozalez-Martinez' claim that he was placed in double jeopardy because of the increase in his sentence based on his prior conviction also fails. This argument was addressed by the United States Supreme Court which held that increasing a sentence based on a prior conviction is sentence enhancement for the current offense, and not an additional punishment for the previous offense. *Witte v. United States*, 515 U.S. 389, 400 (1995) (the criminal history provisions of the sentencing guidelines "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity." Thus, "where the legislature has authorized such a

particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction.")

### RECOMMENDED DISPOSITION

I recommend that Rozalez-Martinez' §2255 petition be denied and this action be dismissed with prejudice.

Timely objections to the forgoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and Recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**